UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KURT SIUZDAK, | : | CIVIL CASE NO. |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| HONORABLE LORETTA E. LYNCH | : | |
| In Her Official Capacity as the Attorney | : | |
| General of the United States, | : | |
|     Defendant. | : | November 20, 2015 |

## COMPLAINT

**I.**      **PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees to remedy the unlawful discrimination suffered by the plaintiff when the Federal Bureau of Investigation ("FBI") retaliated against him on account of his filing EEO complaints in June 2013, against his supervisors in which he claimed that he was the victim of age, disability, gender discrimination, and retaliation, against his supervisors.

2. Additionally this action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees to remedy the unlawful discrimination suffered by the plaintiff when the Federal Bureau of Investigation ("FBI") retaliated against him on account of his filing a lawsuit, Case #: 3:14-cv-01543-VAB, against the Honorable Eric H. Holder, Jr. in the United States District Court for the District of Connecticut on October 20, 2014, in which he claimed that

he had been the subject of unlawful retaliation on account of his filing prior complaints of age, disability, and gender discrimination against his supervisors.

## II. JURISDICTION

3. This action likewise arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. This action arises under The Age Discrimination In Employment Act, Title 29 U.S.C. §621 et seq.

5. Additionally, this action arises under the provisions of the Rehabilitation Act, Title 29 U.S.C. §§ 791 and 794.

6. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), Title 29 U.S.C. §626(b) and Title 42 U.S.C. §2000e-5(f).

7. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), and the ADEA have occurred or have been complied with in the following manner:

    a. On September 25, 2014, the plaintiff, a Special Agent (SA), New Haven Division, of the Federal Bureau of Investigation (FBI), filed an employment discrimination complaint with the Office of Equal Employment Opportunity Affairs alleging that he was subjected to unlawful retaliation for having filed previous complaints of discrimination and retaliation against the FBI.

    b. On December 23, 2014, the plaintiff amended his complaint to include additional acts of retaliation involving his supervisor's refusal to recommend

       him for two supervisory positions, which occurred shortly after he filed lawsuit, Case #: 3:14-cv-01543-VAB, against the Honorable Eric H. Holder, Jr. in the United States District Court for the District of Connecticut on October 20, 2014, in which he claimed that he had been the subject of unlawful retaliation on account of his filing complaints of age, disability, and gender discrimination against his supervisors.

   c. After the FBI's Office of Equal Employment Opportunity Affairs (OEEOA), conducted an EEO investigation of the plaintiff's complaint, it informed the plaintiff of his right to either a hearing before an EEOC Administrative Judge or a final written decision from the Department of Justice.

   d. The plaintiff elected to have the Department of Justice issue a final decision.

   e. On August 24, 2015, the Department of Justice issued a final decision.

   f. The plaintiff is authorized to file a civil action against Loretta E. Lynch.

8. Declaratory, injunctive, monetary damages, compensatory damages, liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, Title 29 U.S.C. §626 and Title 42 U.S.C. §2000e-5(g).

9. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), Title 29 U.S.C. §626 and Title 42 U.S.C. §1988.

### III. VENUE

11. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in within the District of Connecticut.

12. This action also properly lies in the United States District Court for the District of Connecticut pursuant to Title 29 U.S.C. §626, because the unlawful employment practices were committed in this judicial district.

### IV. PARTIES

13. The plaintiff, Kurt Siuzdak, is a citizen of the United States residing in the State of Connecticut.

14. The defendant, Loretta E. Lynch ("Lynch"), is the Attorney General of the United States of America, and is considered the head of the agency, the Federal Bureau of Investigation, which has discriminated against the plaintiff on the basis of the plaintiff's opposition to age, gender, disability, and reprisal discrimination to which the plaintiff was subjected by the FBI.

15. The defendant, Lynch, is being sued in her official capacity pursuant to Title 42 U.S.C. § 2000e-16(c).

16. The United States Department of Justice, and the Federal Bureau of Investigation, of which the defendant, Lynch, is the head, are executive agencies within the meaning of 42 U.S.C. § 2000e-16(a).

## V. FACTS

17. In 1996, the plaintiff applied and was accepted for employment with the FBI.

18. On or about March 2, 1997, the plaintiff entered on duty (EOD) as a Special Agent (SA) with the FBI.

19. Upon completion of new agent's training at the FBI Academy, the plaintiff was assigned to the New York Division.

20. Between 1997 and 2007, the plaintiff worked numerous sophisticated and high profile cases, including organized crime, white collar crime, and counter-terrorism investigations. In addition he was part of the New York Field Office's Rapid Deployment Team.

21. The plaintiff was present as a first responder during the attack on the World Trade Center ("WTC"), who arrived at the WTC minutes after the first airplane crashed into the towers. He remained at the site and was involved in the subsequent investigation.

22. The plaintiff suffered a lung injury as a result of his presence at the World Trade Center.

23. In 2003-2004, the plaintiff served in Iraq as part of the New York Field Office Rapid Deployment Team.

24. In 2005, the plaintiff served in New Orleans in the aftermath of Hurricane Katrina.

25. During the summer of 2006 and 2007, the FBI paid for the plaintiff to attend an intensive language program at Middlebury College to become proficient in studying the Arabic language and culture.

26. In January 2008, the plaintiff was promoted to a GS-14 Assistant Legal Attaché in Baghdad Iraq.

27. The plaintiff worked in Iraqi theater of war from January 2008 until January 2009, thereafter the plaintiff voluntarily extended his tour twice until finally leaving Iraq in June 2009.

28. In June 2009, the plaintiff returned to the United States and was assigned to the New London Resident Agency Office of the New Haven Field Office (NHO) as a Special Agent (SA).

29. At all times relevant to this complaint, the plaintiff was a Special Agent ("SA") assigned to the FBI's New Haven Division.

30. From November 2012, to June 2014, the plaintiff served a temporary duty assignment as a GS-14 SSA in the Inspection Division at FBI Headquarters.

31. At the conclusion of his temporary duty assignment as a GS-14 SSA in the Inspection Division at FBI Headquarters, the plaintiff returned to the New Haven Division and was assigned to Squad 3, the Joint Terrorism Task Force.

32. In June of 2013, the plaintiff filed an EEO complaint based on age, disability, gender discrimination, and retaliation.

33. Although the plaintiff had requested a hearing before an EEOC Administrative Law Judge to hear his complaint, the complaint was never scheduled for a hearing.

34. As a result, the plaintiff filed a lawsuit on October 20, 2014, in the United States District Court for the District of Connecticut in which he alleged that the defendant

   had subjected him to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the Rehabilitation Act.

35. Because the acts of retaliation against the plaintiff continued after he had filed his EEO complaint in June of 2013, the plaintiff filed, on September 25, 2014, another employment discrimination complaint against the FBI with the Office of Equal Employment Opportunity Affairs alleging that he was subjected by his supervisors to further acts of unlawful retaliation for having filed previous complaints of discrimination and retaliation.

36. The plaintiff asserted in the complaint which he filed on September 25, 2014, that in retaliation to the EEO complaints which he had previously filed,

    a. On July 11, 2014, he was demoted to a GS-13 position;

    b. On August 1, 2014, he was punitively reassigned to another squad; and

    c. The SAC of the New Haven Division, Patricia Ferrick, on September 17, 2014, wrongfully counseled the plaintiff based on the false accusations that the plaintiff had not checked his voicemail regularly, and was working well with various law enforcement partners, and inquired about his retirement plans.

37. After the plaintiff filed his lawsuit on October 20, 2014, the retaliation to which the plaintiff was subjected by SAC Ferrick, and her subordinates, for opposing the unlawful discriminatory conduct to which he had been subjected, and for exercising

his lawful right to oppose unlawful discrimination and retaliation by filing administrative and court complaints, increased in magnitude.

38. SAC Ferrick, without legitimate reasons, blocked the plaintiff's efforts for promotion, declaring in written reports that the plaintiff was not qualified for promotion to an SSA position.

39. When a vacancy opened for an SSA position in Meriden, Connecticut, SAC Ferrick submitted a FD-955 Division Head Recommendation Form, in which she stated that she could not recommend the plaintiff for promotion to fill the vacancy.

40. The plaintiff was fully qualified to work as the SAA in Meriden, Connecticut.

41. The plaintiff requested promotion to the SSA position in Meriden, Connecticut.

42. Despite the plaintiff's qualifications, SAC Ferrick, on or about December 11, 2014, refused to recommend the plaintiff for promotion to the position of SAC in Meriden.

43. In the FBI, division head recommendations are automatic, unless the division head, in this case SAC Ferrick, provides a reason for a non-recommendation.

44. SAC Ferrick's non-recommendation occurred only one month after the plaintiff received a successful performance evaluation and several months after the plaintiff received two awards in the summer of 2014.

45. Between the date of the successful performance appraisal and the non-recommendation, SAC Ferrick, and ASAC Kevin Kline were to maintain records related to the plaintiff's work performance.

46. During the entire performance year of 2015 (Oct 2014-September 2015), neither SAC Ferrick, nor ASAC Kline, had prepared a single record documenting the plaintiff's job performance despite submitting a non-recommendation for the SSA position in Meriden, Connecticut.

47. In the same manner, SAC Ferrick, continued to retaliate against the plaintiff for opposing the discriminatory, and retaliatory conduct to which SAC Ferrick had subjected him, when she refused, on or about December 19, 2014, to recommend the plaintiff for promotion to the vacant SSA position in Houston. Texas.

48. Once again, during the entire performance year of 2015 (Oct 2014-September 2015), neither SAC Ferrick, nor ASAC Kline, had prepared a single record documenting the plaintiff's job performance despite submitting a non-recommendation for the SSA position in Houston, Texas.

49. The plaintiff was fully qualified to work as the SAA in Houston, Texas.

50. The plaintiff requested promotion to the SSA position in Houston, Texas.

51. Despite the plaintiff's qualifications, SAC Ferrick, on or about December 19, 2014, refused to recommend the plaintiff for promotion to the position of SAC in Houston, Texas.

52. The actions taken against the plaintiff by SAC Ferrick to which the plaintiff was subjected after filing his court complaint against the defendant, would clearly deter a reasonable employee from making a discrimination complaint or otherwise engaging

in protected activity under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the Rehabilitation Act.

## VI. FIRST CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

53-104. The plaintiff incorporates as if re-alleged paragraphs 1 through 52.

105. The FBI discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful gender discrimination, and unlawful acts of retaliation when SAC Ferrick refused to recommend the plaintiff for promotion to the SSA positions in Meriden, Connecticut, and Houston, Texas.

106. Because the plaintiff's opposition to the defendant's gender discrimination, and retaliation was a determinative factor in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

107. Because the plaintiff's participation in EEO proceedings, which he filed against SAC Ferrick, and court litigation, which he filed against the defendant, were determinative factors in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

108. The defendant engaged in retaliation against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

109. As a result of the unlawful retaliation, the plaintiff has suffered emotional distress.

110. As a result of the unlawful retaliation, the plaintiff has suffered financial losses.

### VII. SECOND CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE ADEA)

111-162. The plaintiff incorporates as if re-alleged paragraphs 1 through 52.

163. The FBI discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful age discrimination, and unlawful acts of retaliation when SAC Ferrick refused to recommend the plaintiff for promotion to the SSA positions in Meriden, Connecticut, and Houston, Texas.

164. Because the plaintiff's opposition to the defendant's gender discrimination, and retaliation was a determinative factor in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated the provisions of the Age Discrimination in Employment Act.

165. Because the plaintiff's participation in EEO proceedings, which he filed against SAC Ferrick, and court litigation, which he filed against the defendant, were determinative factors in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated Age Discrimination in Employment Act.

166. The defendant engaged in retaliation against the plaintiff with malice or reckless indifference to the plaintiff's rights under Age Discrimination in Employment Act.

167. As a result of the unlawful retaliation, the plaintiff has suffered emotional distress.

168. As a result of the unlawful retaliation, the plaintiff has suffered financial losses.

### VIII. <u>THIRD CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE REHABILITATION ACT)</u>

169-220. The plaintiff incorporates as if re-alleged paragraphs 1 through 52.

221. The FBI discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful disability discrimination, and unlawful acts of retaliation when SAC Ferrick refused to recommend the plaintiff for promotion to the SSA positions in Meriden, Connecticut, and Houston, Texas.

222. Because the plaintiff's opposition to the defendant's disability discrimination, and retaliation was a determinative factor in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated the provisions of the Rehabilitation Act.

223. Because the plaintiff's participation in EEO proceedings, which he filed against SAC Ferrick, and court litigation, which he filed against the defendant, were determinative factors in the retaliatory actions to which the plaintiff was subjected by SAC Ferrick, the defendant violated the provisions of the Rehabilitation Act.

224. The defendant engaged in retaliation against the plaintiff with malice or reckless indifference to the plaintiff's rights under Rehabilitation Act.

225. As a result of the unlawful retaliation, the plaintiff has suffered emotional distress.

226. As a result of the unlawful retaliation, the plaintiff has suffered financial losses.

### IX. PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to the First, and Third Causes of Action)

    a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b. Enjoin the defendant from engaging in such conduct;

    c. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

    d. Award plaintiff compensatory damages;

    e. Award plaintiff costs and attorney fees; and

    f. Grant such other and further relief as the Court may deem just and proper.

(As to the Second Cause of Action)

    a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b. Enjoin the defendant from engaging in such conduct;

    c. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

    d. Award plaintiff liquidated damages;

    e. Award plaintiff costs and attorney fees; and

  f. Grant such other and further relief as the Court may deem just and proper.

## X.  JURY DEMAND

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.

      THE PLAINTIFF – KURT SIUZDAK

     By: /s/ Thomas W. Bucci
       Thomas W. Bucci
       Fed. Bar #ct07805
       WILLINGER, WILLINGER & BUCCI, P.C
       855 Main Street
       Bridgeport, CT   06604
       Tel: (203) 366-3939
       Fax: (203) 337-4588
       Email: thomasbucci@earthlink.net